### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LORRAINE YOUNG,** | ) |
| Plaintiff, | ) |
| | ) **Cause No:** |
| vs. | ) |
| | ) |
| **HOMESURE OF AMERICA, INC.,** | ) |
| Serve R/A: National Registered Agents Inc. | ) |
| 208 So LaSalle St., Suite 814 | ) |
| Chicago, IL 60604 | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

### COMPLAINT

**COMES NOW** Plaintiff Lorraine Young, by and through undersigned counsel, and for her cause of action against Defendant states as follows:

### JURISDICTION AND VENUE

1. This is an action brought by an individual consumer for violations of the Magnuson Moss Warranty – Federal Trade Improvements Commission Act, 15 U.S.C §2301 *et seq* ("MMWA").

2. This is also an action brought by an individual consumer for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq* ("CFA").

3. Plaintiff Lorraine Young is an adult individual citizen of the State of Illinois who owns and resides at real property commonly known and numbered as 485 Schwarz Rd., O'Fallon, Illinois 62269-6713 ("the Home").

4. Defendant Homesure of America, Inc. is a corporation that is incorporated in Florida, which has its principal place of business in Florida, and which can be served care of its registered agent in the State of Illinois.

5. This Court therefore has jurisdiction under 28 U.S.C. § 1332(a)(1), in that Plaintiff is a citizen of Illinois and, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Florida.

6. The amount in controversy exceeds $75,000.00, in that Plaintiff calculates damages based on the value of the Home, which exceeds $200,000.00.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred at the home in St. Clair County, Illinois.

**FACTS**

8. Plaintiff purchased an HMS SystemsProtect Warranty ("the Warranty") from Defendant, contract number 54523478, effective August 27, 2014.

9. The Warranty covers the Home for a number of systems, including the air conditioning system.

10. Within the terms of the Warranty, Plaintiff placed a service call for her air conditioning because it was not working to cool the Home.

11. On April 27, 2015, it was confirmed that Plaintiff's air conditioning unit at the Home needed to be replaced, and Defendant approved two options.

12. Plaintiff paid a $621.00 deductible on May 3, 2015 and elected to proceed with replacement of the unit.

13. After Plaintiff paid an additional $1,379.00 to replace coils, which Defendant refused to replace despite being a covered part under the Warranty, the installation process began on May 17, 2015.

14. The first replacement air conditioning unit did not work.

15. Even after additional repair attempts to the replacement air conditioning unit on

(1) May 26, 2015, (2) May 30, 2015, and (3) June 1, 2015, the replacement air conditioning unit continued to blow hot air.

16. While additional research was being conducted about the possibility of injecting special fluid into this first replacement air conditioning unit, Plaintiff had to find an alternative living arrangement to avoid staying in the excessively hot home.

17. Defendant was unable to repair first replacement air conditioning unit, and a second replacement air conditioning unit was ordered and set to be installed on July 10, 2015.

18. Plaintiff subsequently learned that instead of a replacement Carrier air conditioning unit, as Defendant had promised and represented, Defendant sent a Payne air conditioner.

19. Defendant refused to provide a comparable air conditioning unit to the one that Plaintiff originally had at the Home.

20. Defendant has also falsely claimed that it owns the coils purchased by Plaintiff.

21. Plaintiff still has no air conditioning for the Home.

## COUNT I
## MAGNUSON MOSS WARRANTY-FEDERAL TRADE IMPROVEMENTS COMMISSION ACT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for her cause of action in Count I against Defendant respectfully states to the Court as follows:

22. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

23. Plaintiff is a "Consumer" as defined by 15 U.S. C. § 2301(3).

24. Plaintiff is a "Buyer" per section 400.2-103 R.S.Mo.

3

25. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. § 2301(4) & (5).

26. Defendant is a "Seller" per section 400.2-103 R.S.Mo.

27. The Home is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

28. Each of the air conditioning units is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).'

29. The Warranty Defendant provided Plaintiff was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or a "Service Contract" as defined by 15 U.S.C. § 2301(8).

30. By its actions and affirmations, Defendant created express warranties for the vehicle, per 810 ILCS 5/2-313.

31. The defects and nonconformities the vehicle exhibited constitute a breach of the Implied Warranty of Merchantability, per 810 ILCS 5/2-314.

32. Plaintiff notified Defendant regarding a breach of warranty within a reasonable time after Plaintiff discovered defects with the vehicle.

33. Defendant has been afforded a reasonable opportunity to cure the nonconformities pursuant to 15 U.S.C. § 2310(e).

34. Defendant has been unable, unwilling, and has refused remedy the ongoing nonconformities within a reasonable time and without charge, in violation of 15 U.S.C. § 2304(a)(1).

35. Section 15 U.S.C. § 2310(d)(1) provides:

> Subject to subsections (a) 93 and (e) or this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief…

36. The defects with, and circumstances relating to, the air conditioning units for the Home have caused any exclusive or limited remedy to fail of its essential purpose.

37. The warranties issued by Defendant have failed of their essential purpose.

38. As a direct and proximate result of Defendant's failure to comply with the express written warranties, implied warranties, and/or service contract, Plaintiff has and continues to suffer damages.

39. As a result of the ineffective repair attempts made by Defendant, the Home cannot be used for the purposes intended by Plaintiff at the time of acquisition and hence, the value of the Home at the time of purchase was zero.

40. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff respectfully demands damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT II
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and for her cause of action in Count II against Defendant respectfully states to the Court as follows:

41. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

42. Plaintiff is a "Consumer" as defined by 815 ILCS 505/1 (e).

43. Defendant is a "Person" as defined by 815 ILCS 505/1 (c).

44. At all times relevant to this case, the Defendant was engaged in commerce and trade in Illinois.

45. Plaintiffs' purchase of the vehicle is "Commerce" or is in connection with a "Commerce" as defined by 815 ILCS 505/1 (f).

46. In connection with said commerce, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, or omission of a material fact, with the intent that Plaintiff rely upon the concealment, suppression, or omission of said material facts, in violation of 815 ILCS 505/2.

47. Plaintiff suffered actual damages a result of Defendant's violations of 815 ILCS 505/2.

48. 815 ICLS 505/10a provides: "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person."

49. Pursuant to 815 ILCS 505/10a(c), Plaintiff seeks attorney's fees.

**WHEREFORE**, Plaintiff respectfully demands damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

VOYTAS & COMPANY

/s/ Richard A. Voytas, Jr. #6279483IL

_____
Richard A. Voytas, Jr., #6279483IL
Voytas & Company
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068